# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* B.K.-1

No. 19-1043 (Mingo County 18-JA-65)

**FILED**
**June 25, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father B.K-2., by counsel Susan J. Van Zant, appeals the Circuit Court of Mingo County's October 9, 2019, order terminating his parental rights to B.K.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Diana Carter Wiedel, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without first granting him an improvement period. [2]

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Because the child at issue, petitioner, and a second child who is not at issue share the same initials, we will refer to them as B.K.-1, B.K.-2, and B.K.-3, respectively, throughout this memorandum decision.

[2] On appeal, petitioner briefly raises arguments regarding the circuit court's denial of his post-termination visitation with the child, the sufficiency of the abuse and neglect petition, his adjudication, and the DHHR's case plan. However, petitioner failed to cite to a single case or the appendix record in support of these assertions. These failures are in direct contradiction of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requiring that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(continued . . . )

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2018, the DHHR filed an abuse and neglect petition against petitioner and the mother alleging that their ongoing substance abuse issue negatively impacted their ability to parent B.K.-1. Specifically, the DHHR alleged that the mother overdosed in the parents' vehicle while she was pregnant with B.K.-3, a child not at issue on appeal, and that petitioner sought medical attention for her. Two days after the mother's overdose, petitioner was arrested for driving under the influence ("DUI"), possession of narcotics, and obstructing a police officer. Further, a family member reported to the DHHR that the parents had an extensive history of substance abuse. Following the petition's filing, the DHHR offered petitioner services including drug screening, individualized parenting sessions, and supervised visitations. However, over the next month, petitioner missed drug screens and/or tested positive for methamphetamine, amphetamine, and Suboxone.

At an adjudicatory hearing held in August of 2018, petitioner did not appear, but counsel represented him. The circuit court found that petitioner abused and/or neglected B.K.-1 due to his substance abuse and adjudicated him as an abusing parent. During an individualized parenting session in September of 2018, petitioner admitted to having a severe substance abuse problem and indicated his desire to enter drug treatment. However, by October of 2018, petitioner had failed to report to eleven out of thirteen scheduled drug screens and tested positive for various controlled substances at that month's status hearing. In November of 2018, petitioner enrolled in an inpatient drug treatment facility and began exercising supervised visitations. In February of 2019, petitioner left the inpatient treatment program early, failing to complete the program. Thereafter, petitioner had no contact with the DHHR for over two months and tested positive for methamphetamine and amphetamine in April of 2019. On May 16, 2019, following a

Additionally, in an Administrative Order entered on December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, this Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. *Id.* "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Because petitioner's brief with regard to these assertions is woefully inadequate and entirely fails to comply with Rule 10(c)(7) of the Rules of Appellate Procedure, we decline to address these issues on appeal.

traffic stop, petitioner was arrested for DUI, no proof of insurance or registration, expired vehicle registration and inspection, and failure to produce an operator's license.

In August of 2019, the circuit court held the dispositional hearing. Despite his presence in the courthouse prior to the hearing, petitioner failed to attend, although he was represented by counsel. The DHHR presented evidence that petitioner had not completed his inpatient drug treatment program, failed to comply with drug screening, and failed to participate in supervised visitations. The DHHR requested the termination of petitioner's parental rights based upon his numerous missed drug screens and screens positive for methamphetamine, amphetamine, and marijuana. Based upon the evidence presented, the circuit court found that petitioner failed to avail himself of the DHHR's offered services designed to assist in reunification with his child, failed to complete inpatient substance abuse treatment, and failed to comply with drug screening. In light of petitioner's failure to comply with the DHHR's services, the circuit court found that there was no reasonable likelihood that he could correct the conditions of abuse and neglect in the near future and that termination of his parental rights was necessary for the child's welfare. Further, the circuit court denied petitioner's request for post-termination visitation, finding that no further contact was in the child's best interest. The circuit court terminated petitioner's parental rights by order entered on October 9, 2019. Petitioner appeals from this dispositional order.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[3]The mother successfully completed an improvement period, and the child was returned to her custody. As the petition against the mother was dismissed, the permanency plan for B.K.-1 is to remain in her care.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights.[4] We disagree.

West Virginia Code § 49-4-604(b)(6) (2019)[5] permits a circuit court to terminate parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. Further, pursuant to West Virginia Code § 49-4-604(c)(3) (2019), a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child."

As shown above, petitioner failed to follow through with rehabilitative efforts designed to reduce or prevent the abuse or neglect of the child. Specifically, petitioner failed to comply with the DHHR's offered services such as individualized parenting classes, random drug screening, and supervised visitations with the child. Despite petitioner's admission to having a severe substance abuse problem and agreement to complete inpatient drug treatment, petitioner failed to complete said treatment and failed to comply with drug screening throughout the proceedings. Moreover, petitioner failed to appear for several hearings, was arrested twice during the pendency of the proceedings, and failed to maintain contact with the DHHR after he left his inpatient drug treatment. Based on this evidence, it is clear there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future. Additionally, the record shows that the child's welfare required termination of petitioner's parental rights, as there was evidence that petitioner's substance abuse prevented him from properly parenting and

---

[4]In support of this assignment of error, petitioner also alleges that it was error to terminate his parental rights without first granting him an improvement period. While the record on appeal does not indicate that the circuit court ruled on petitioner's multiple motions for improvement periods, the record clearly demonstrates that petitioner received a litany of services and was given time to demonstrate improvement by his compliance with those services. Such services consisted of supervised visitations, random drug screening, and individualized parenting classes. Further, petitioner's case plan clearly indicated that petitioner was required to complete inpatient drug treatment. As such, given that petitioner was provided services and a detailed case plan, petitioner had clear directions as to how to address his issue of substance abuse but failed to follow through with any remedial services. *See* Syl. Pt. 2, *In re Desarae M.*, 214 W. Va. 657, 591 S.E.2d 215 (2003) (holding that the purpose of a family case plan is to "clearly set forth an organized, realistic method of identifying family problems and the logical steps to be used in resolving or lessening [such] problems"). Because the services were offered and petitioner failed to follow through such that termination of his parental rights was required, we find that resolution of his allegations regarding an improvement period is unnecessary for purposes of affirming the circuit court's termination of his parental rights.

[5]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

supervising the child. Therefore, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 9, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 25, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison